UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE GRAYTON, <br><br> Plaintiff, <br> v. <br><br> UNITED STATES OF AMERICA, UNITED STATES ATTORNEY GENERAL, UNITED STATES DEPARTMENT OF JUSTICE, UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, and DOES 1-10, <br><br> Defendants. | Civil No. 10-cv-02608 -AJB-WVG <br><br> ORDER GRANTING MOTION FOR SUMMARY JUDGMENT <br><br> [Doc. No. 26] |

Before the Court is a motion to dismiss or in the alternative for summary judgment submitted by Defendants United States of America, United States Attorney General, United States Department of Justice, United States Office of Personnel Management (OPM), and DOES 1-10 ("Defendants") against Plaintiff Maurice Grayton ("Plaintiff"). Defendants filed a Motion to Dismiss or in the Alternative for Summary Judgment, Doc. No. 26, seeking dismissal or summary judgment on the Plaintiff's claims on the grounds that they are barred by collateral estoppel and sovereign immunity, and that the Court lacks jurisdiction over this matter. Additionally, Defendants argue Plaintiff has alleged claims based on irrelevant statutes and cannot meet his burden of proof for a class action case. The hearing date set for December 21, 2011 is hereby VACATED as the Court finds this motion appropriate for submission on

1 the papers without oral argument pursuant to Civil Local Rule 7.1.d.1.  For the reasons set forth herein,

2 the Court construes this motion as one for summary judgment and GRANTS Defendants' motion.

### *Background*

The following recitation of facts was taken from Plaintiff's Merit System Protection Board (MSPB) Order:

> Plaintiff applied for the position of Industry Operations Assistant with the Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives.  As part of the application process, Plaintiff was required to complete a Questionnaire for National Security Position (SF-86).  Plaintiff completed this application online and certified the accuracy of the application on May 8, 2008.  Plaintiff also signed a Declaration for Federal Employment on May 8, 2008, again certifying that the information was true, correct, and complete and was informed that, ". . . a false or fraudulent answer to any question or item on any part of this declaration or its attachments may be grounds for not hiring me, or for firing me after I begin work."  Plaintiff also completed and signed on April 18, 2008, Interim Instructions for SF-86 and SF-85P that advised him that certain questions must be answered with a 10 year timeframe for the investigation to meet required standards including Police Record and Court Actions.
> In a letter dated October 13, 2009, Plaintiff was informed that a background investigation conducted by the ATF revealed issues of concern and the results were referred to OPM for further consideration and investigation.  Enclosed with the letter were the specific charges and a summary of the investigative information and the appellant was given an opportunity to answer and make comments or explanation he wished to provide for each charge.
> Plaintiff provided his response and evidence to refute the allegation raised by the agency.  Plaintiff first argued that the format of question 23f was complex and did not allow him to answer each condition on the merits.  Plaintiff next argued that the format violated California Code of Civil Procedure Section 2030.060 and California Labor Code Section 432.7(a).  Plaintiff also provided his timeline as to the events that began May 18, 2007, when the police responded to an alleged domestic violence incident through October 13, 2009, when the agency issued its suitability determination which led to the filing of the instant appeal.  Finally, Plaintiff questioned the fairness of the investigation summary report referenced by the agency.
> On January 29, 2010, the agency issued its determination that rated Plaintiff  ineligible for the position sought, canceled all other eligibilities and debarred him from competition until October 15, 2012.  The letter summarized Plaintiff's answers to the charges and provided further comments or analysis based on his responses.  In summary, the agency found that the criminal charges of battery and vandalism raised questions concerning Plaintiff's judgment notwithstanding the fact that the charges were ultimately dismissed and that he failed to disclose the charges when he completed his SF-86.

(*Grayton v. Office of Personal Managaement*, No. SF0731100446-I-1 (M.S.P.B. Jun. 23, 2010), attached as Exhibit 10 to Plaintiff's Complaint, also submitted in Defendants' motion to dismiss as Exhibit A) [hereinafter Exhibit A].

Plaintiff appealed the agency's decision to the MSPB, which affirmed the agency's decision on June 23, 2010.  (*Id.* at 18).  Plaintiff then pursued the appeal further to the United States Court of Appeals, Federal Circuit, which affirmed the MSPB in a decision issued on February 16, 2011.

(*Grayton v. Office of Personnel Management*, 411 Fed.Appx. 328 (Fed. Cir. 2011), attached as Exhibit B in Defendants' motion to dismiss) [hereinafter Exhibit B].

### *Legal Standard*

Rule 12(d) of the Federal Rules of Civil Procedure states that when "matters outside the pleadings are presented to and not excluded by the court, the [12(b)(6)] motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. Pro. 56. Federal Rule of Civil Procedure 12(b)(6) specifically gives courts the discretion to accept and consider extrinsic materials offered in connection with a motion to dismiss, and to convert the motion to one for summary judgment when a party has notice that the district court may look beyond the pleadings. *See Portland Retail Druggists Ass'n v. Kaiser Found. Health Plan*, 662 F.2d 641, 645 (9th Cir.1981).

Summary judgment is proper where the pleadings and materials demonstrate "there is no genuine dispute as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A material issue of fact is a question a trier of fact must answer to determine the rights of the parties under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party bears "the initial responsibility of informing the district court of the basis for its motion." *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548. To satisfy this burden, the movant must demonstrate that no genuine issue of material fact exists for trial. *Id.* at 322, 106 S.Ct. 2548. Where the moving party does not have the ultimate burden of persuasion at trial, it may carry its initial burden of production in one of two ways: "The moving party may produce evidence negating an essential element of the nonmoving party's case, or, after suitable discovery, the moving party may show that the nonmoving party does not have enough evidence of an essential element of its claim or defense to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1106 (9th Cir.2000). To withstand a motion for summary judgment, the non-movant must then show that there are genuine factual issues which can only be resolved by the trier of fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736, 738 (9th Cir.2000). The non-moving party may not rely on the pleadings

alone, but must present specific facts creating a genuine issue of material fact through affidavits, depositions, or answers to interrogatories. Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548.

## *Discussion*

"Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Hydranautics v. FilmTec Corp.*, 204 F.3d 880, 885 (9th Cir. 1995). Four requirements must be met for a valid application of collateral estoppel: "(1) there was a full and fair opportunity to litigate the issue in the previous action; (2) the issue was actually litigated in that action; (3) the issue was lost as a result of a final judgment in that action; and (4) the person against whom collateral estoppel is asserted in the present action was a party or in privity with a party in the previous action." *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1050 (9th Cir. 2008). The courts have applied res judicata when an administrative agency is acting in a judicial capacity and resolved disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate. *United States v. Utah Const. & Mining Co.*, 384 U.S. 394, 422 (1966).

Here, the Court finds that the present case meets all of the requirements of collateral estoppel. First, there was a full and fair opportunity to litigate the issue in the previous action filed with the MSPB. Plaintiff appealed the OPM's finding that he was unsuitable for Federal employment and was given the opportunity to present his case in support of his belief that he was denied employment based on his race, gender, and disability. (Exhibit A). Under the practices and procedures of the MSPB, Plaintiff was permitted to raise affirmative defenses, pursue written and oral argument, and call witnesses at an in-person hearing. (5 C.F.R. 1201, *et seq;* Exhibit A; Declaration of Michelle Perry at ¶¶3-4).

As to the second requirement, the issues regarding agency discrimination and his criticisms of the agency's negative suitability determination were actually litigated. The MSPB found that the agency established a legitimate nondiscriminatory reason for its negative suitability decision by meeting its burden of proof on the merits underlying the decision. (Exhibit A at 16). Further, the MSPB held that Plaintiff presented no evidence to show that the negative suitability determination was a pretext for

discrimination on the part of OPM. (*Id.*) With regard to the appellant's claim of disability determination, the MSPB ruled that Plaintiff failed to make the threshold showing that he suffers from a disability within the meaning of the law. (*Id.*) Moreover, the MSPB found that Plaintiff was given notice and was provided an opportunity to address the basis for the agency's action prior to a final decision. (*Id.* at 17).

In the present case, Plaintiff brings eight causes of action alleging unlawful discrimination based upon the same factual background as was presented to the MSPB and Federal Circuit. (Doc. No. 1). Despite Defendants' argument that Plaintiff's eight causes of action should each be dismissed because they are barred by sovereign immunity, cite to irrelevant statutes, or have been abandoned, the Court need not make such finding here. (Doc. No. 26, at 4-7). Plaintiff's eight claims, regardless of merit, are all centered on facts and issues that were previously litigated and rejected in a previous forum.

As to the third requirement, the issue was lost as a result of a final judgment in the previous action because the MSPB ruled that the agency's determination finding that Plaintiff was unsuitable for federal employment was clearly established by the evidence. (*Id.* at 18). This judgment became final when the MSPB issued its ruling on June 23, 2010 and the period for Plaintiff to petition for review lapsed. (Exhibit B at 330; Exhibit A at 16).

As to the fourth requirement, the person against whom collateral estoppel is asserted in the present action was a party or in privity with a party in the previous action because Plaintiff is the person against whom collateral estoppel is asserted and he was a party to both the MSPB and Federal Circuit cases.

Plaintiff is precluded from relitigating the agency's suitability determination and his allegations of discrimination because the requirements of collateral estoppel have been met. Plaintiff, who was a party in the previous action before the MSBP and Federal Circuit, was given a full and fair opportunity to litigate the issue, the issue was actually litigated, and there was a final judgment on the merits. The Plaintiff's present Complaint is barred by collateral estoppel, and the Plaintiff's attempt to assert these claims on behalf of a class also fail due to Plaintiff's lack of standing. *See Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1024 (9th Cir. 2003) (Where the sole named plaintiff never had standing to bring the claim, dismissal is appropriate without further opportunity to substitute a new named Plaintiff, because without standing, there was no case into which a new plaintiff could be substituted.)

Based upon the pleadings and materials presented, Defendants motion for summary judgment is hereby GRANTED.

### *Conclusion*

For the reasons set forth above, the Defendants' motion for Summary Judgment is hereby GRANTED, terminating this case. The Clerk of the Court shall enter Judgment in favor of Defendants and against Plaintiff.

IT IS SO ORDERED.

DATED: December 14, 2011

_____
Hon. Anthony J. Battaglia
U.S. District Judge